Victor A. Sipos, Utah Bar No. 9211
UTAH LITIGATION CENTER
10421 South Jordan Gateway, Suite 600
South Jordan, UT 84095
Tel: 801-860-3444
Fax: 801-665-1266

Attorney for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE ALAN WAYNE STREBECK and LINDA JOYCE STREBECK,<br><br>    Debtors, | Bankruptcy No. 10-36036<br>(Chapter 7)<br>Bankruptcy Court, Dist. of Utah |
| THOMAS SMITH, et al.,<br><br>    Plaintiffs,<br>v.<br>ALAN WAYNE STREBECK, et al.,<br><br>    Defendants. | Adversary Proceeding No: 11-02242<br>Judge: William T. Thurman<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING 11-2242** |

**I.      INTRODUCTION**

In 2009, plaintiffs Thomas Smith and Sandra Yee-Smith ("Plaintiffs") invested about $1.2 million with Full Moon Capital ("Full Moon"), an entity managed by defendants Alan Strebeck ("Strebeck") and Chris Chandler ("Chandler"). Plaintiffs later learned they had been fraudulently induced to the make the investments and defendants had improperly used their funds to gamble on a gold mining operation in Africa. Defendants' acts gave rise to various claims, including fraud, securities fraud, and civil conspiracy. Strebeck filed for bankruptcy, and listed Full Moon and Chandler as co-debtors for the amounts owed to the Plaintiffs. Plaintiffs filed this action, which was referred to the Bankruptcy Court. For the reasons set forth herein, the reference to bankruptcy court should and must be withdrawn.

-1-

## II. BACKGROUND FACTS

The following statements of fact are referred to herein as "SOF":

1. Defendant Strebeck filed an action under Title 11 for Chapter 7 bankruptcy protection. *In re Strebeck, Utah Bankr. Case No. 10-36036, Doc. 1.* ("Strebeck Bankruptcy").

2. Plaintiffs filed this adversary proceeding on the deadline for doing so as specified in the Notice of Chapter 7 Bankruptcy Case. *Ex. 1, Notice.*

3. In the Strebeck Bankruptcy schedules, Strebeck listed his ownership of Full Moon as personal property having no value. *Strebeck Bankruptcy, Doc. 2, Schedules* ("Strebeck Schedules") at 7.

4. Strebeck listed Plaintiffs as creditors holding unsecured claims worth $1,478,500 related to a business loan for Full Moon. *Strebeck Schedules* at 23-24. The amount owed to the Plaintiffs represents more than 34% of all claims listed on Schedule F ($1,478,500/$4,344,367). *Id.*

5. Strebeck listed defendant Christopher Chandler as a codebtor for the debts owed to the Plaintiffs. *Strebeck Schedules* at 27.

6. Strebeck and Chandler were managing members of Full Moon at all relevant times. *Doc. 11, Answer to Complaint* at 3, resp. to ¶¶ 8-9.

7. The complaint in this action alleges that Plaintiffs' investment funds were improperly distributed to Chandler, the funds were improperly used for a gold mining venture in which Chandler was involved, defendants conspired to defraud the Plaintiffs and did so, and Chandler separately engaged in improper transactions to misappropriate funds and deprive Strebeck and Full Moon of the ability to repay the Plaintiffs. *Doc. 1, Complaint* at 13-14, ¶¶ 59-62, 110-112.

8. More specifically, the complaint in this action alleges the following causes of action that are not based on the Bankruptcy Code: the First, Second, and Third Claims for Relief allege violations of the Securities Act of 1933, Sections 12(a)(1), 12(a)(2), and 15, respectively; the Fourth, Fifth, and Sixth Claims for Relief allege violations of the Exchange Act of 1934, Sections 10(b), 15, and 20, respectively; the Seventh, Eighth, and Ninth Claims for Relief allege violations of various

provisions of the Utah Uniform Securities Act; the Tenth, Eleventh, Twelfth, and Thirteenth Claims for Relief allege common law claims that do not arise under the Bankruptcy Code. *Doc. 1, Complaint* at 15-22.

9.  Plaintiffs' Sixteenth Claim for Relief is to establish that Strebeck's debt owed to Plaintiffs is nondischargeable. *Id.* at 23.

10.  In June 2011, the Fifth District Court, Washington County, State of Utah, entered a Judgment finding Strebeck had pleaded guilty to felony securities fraud and felony theft. The charges included acts alleged by Plaintiffs in this adversary proceeding. *Ex. 2, Judgment.*

11.  Other than the filing of pleadings, participating in Rule 7026 discussions, and attendance at a Rule 7026 scheduling conference, there has been little litigation activity in this action. The parties have propounded discovery, but none has yet responded. *See docket, generally.*

12.  The only motions Judge Thurman has decided in this action were a motion to allow service by other means and a stipulated motion related to a scheduling order. The only hearing before Judge Thurman has been a scheduling conference on December 17, 2012, at which time he mentioned filing a motion to withdraw the reference. *See docket, generally.*

13.  The parties have stipulated to a scheduling order that sets fact discovery cut-off in June 2013. *Id.*

14.  Defendant Chandler has lived in Africa at all times during the pendency of this action, and even his own counsel has had difficulty contacting him. *See, e.g., Doc. 16, Aff. of Victor Sipos at ¶¶ 6; Ex. 3, Email.*

**III.    ARGUMENT**

**A.    Claims in this action were properly referred to this Court.**

All claims in the above-captioned adversary proceeding are related to a case arising under Title 11 and were thus properly referred to the Bankruptcy Court. Local rules of practice provide that "any and all proceedings … arising in or related to a case under Title 11 are referred to the

-3-

bankruptcy judges for the District of Utah for consideration and resolution consistent with the law." DUCivR 83-7.1. Thus, in addition to bankruptcy cases, adversary proceedings arising under, arising in, or related to bankruptcy cases are also referred to the Bankruptcy Court. *Id.*

> "The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate."

*In re Gardner,* 913 F.2d 1515, 1518 (10th Cir. 1990)(internal citations and punctuation omitted).

There can be little doubt that the claims in this adversary proceeding are related to the Strebeck Bankruptcy. Strebeck listed his ownership of Full Moon as personal property having no value, while listing Plaintiffs as creditors holding unsecured claims worth $1,478,500 related to a business loan for Full Moon; this debt represents more than 34% of the total value of claims listed on Schedule F. SOF 4. Both Strebeck and Chandler were managing members of Full Moon at all relevant times, and Chandler is listed as a codebtor for the debts owed to the Plaintiffs. SOF 5-6.

The complaint in this action alleges that Plaintiffs' investment funds were improperly distributed to Chandler, the funds were improperly used for a gold mining venture in which Chandler was involved, defendants conspired to defraud the Plaintiffs and did so, and Chandler separately engaged in improper transactions to misappropriate funds and deprive Strebeck and Full Moon of the ability to repay the Plaintiffs. SOF 7. Among other things, this action seeks to have the debts owed by Strebeck to the Plaintiffs declared nondischargeable and to have Full Moon and Chandler found liable to pay such debts.

If Full Moon and/or Chandler are found liable and pay some or all of the debt owed to the Plaintiffs, it could likely have a significant effect on the Strebeck Bankruptcy estate, and could dramatically alter the rights, liabilities, and options for Strebeck and other creditors in the Strebeck Bankruptcy. In short, the claims in this adversary proceeding are "related to" the Strebeck

Bankruptcy and were properly referred to the Bankruptcy Court.  DUCivR 83-7.1.

### B.    The reference to Bankruptcy Court should be withdrawn.

Federal law provides for discretionary and mandatory withdrawal of proceedings that have been referred to the Bankruptcy Court:

> "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities  affecting  interstate commerce."

28 U.S.C. § 157(d).  Withdrawal is mandatory when "substantial and material consideration of non-Bankruptcy Code federal [law] is necessary for the resolution of the proceeding." *Picard v. Flinn Invs., LLC*, 463 B.R. 280, 283 (S.D.N.Y. 2011) (quoting *Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 995 (2d Cir. 1990)).  The "requirements for mandatory withdrawal are satisfied if the proceeding requires consideration of a law outside of Title 11," even if the Bankruptcy Court has "familiarity" with the non- bankruptcy law in question. *Picard v. JPMorgan Chase & Co.*, 454 B.R. 307, 313-14, 316 (S.D.N.Y. 2011).  Here, even if withdrawal is not mandatory, the Court should exercise its discretion in favor of withdrawing the reference for good cause.

The Utah District Court has held that:

> "In considering whether a withdrawal of the reference is appropriate, the court looks to the following factors: whether the claim is a core proceeding, judicial economy, convenience, the particular court's knowledge of the facts, uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial."

*Western Utah Copper Co. v. Bridge Loan Capital Fund, LP*, No. 2:10-cv-1039-TS, 2011 WL 52511 at *1 (D. Utah Jan. 6, 2011)(footnotes omitted)(granting motion to withdraw reference).  These factors have long served as the standard for analyzing whether withdrawal is appropriate. *Id.* at fn.

2-3. There has been no reported Tenth Circuit or the District of Utah opinion on this issue after *Western Utah Copper* was decided. However, the later-decided case of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), may require this Court to alter the factors used to analyze whether a withdrawal of the reference is proper. As one court recently explained:

> "After *Stern,* the core/non-core distinction may or may not remain relevant to a district court's withdrawal of the reference 'for cause.' Under *Stern,* it is not the core/non-core distinction but Article III that determines the bankruptcy court's adjudicative authority. Thus, a district court evaluating a motion to withdraw must first determine whether or not the bankruptcy court has constitutional authority to enter final judgment on the claim, since it is on *this* issue that 'questions of efficiency and uniformity' certainly turn…. To the extent the core/non-core distinction held a privileged position among the *Orion* factors before *Stern,* this is no longer the case."

*In re Lyondell Chemical Co.,* 467 B.R. 712, 719 (S.D.N.Y. 2012)(internal citations omitted).

Another decision described that:

> "[A]fter *Stern,* one can still apply the *Orion* [sic] but not looking at whether the matter can be classified as 'core' under 28 U.S.C. § 157, but rather at whether, under *Stern,* the Bankruptcy Court has the final power to adjudicate it. If it does not have that power, there will be no advantage to allowing the matter to be heard in Bankruptcy Court, because this Court will eventually need to review the Article I Court's determinations *de novo* review— i.e., as the statute would have them treated if they were 'non-core.' Thus, where the Bankruptcy Court lacks final adjudicative authority, the remaining *Orion* considerations will often tend to point toward withdrawal, for the same reasons they did when the question asked was whether or not the actions were core."

*Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011).

### 1. Withdrawal is proper because certain claims are non-core.

To the extent it is still important, post-*Stern*, to consider whether claims are core, the factor weighs in favor of withdrawing the reference. While the adversary proceeding contains core claims related to the dischargeability of debt, many additional issues and claims in the adversary proceeding are non-core. For example, claims against defendant Chandler are squarely "related to" the bankruptcy action, but they are non-core. With Strebeck having pleaded guilty to securities fraud in

-6-

a separate criminal action, it appears the dischargeability issue can be easily resolved without significant litigation.  SOF 10.  As such, litigation and resolution of the non-core claims likely predominate over core claims.

### 2. Withdrawal is proper because the Bankruptcy Court lacks final adjudicative authority over claims.

If this Court follows *Development Specialists, Inc.* and *In re Lyondell Chemical Co.* in adopting a new or revised factor for whether Bankruptcy Courts have the final power to adjudicate claims, the factor would weigh in favor of withdrawing the reference.  The Bankruptcy Court lacks authority to adjudicate most of the claims in the adversary proceeding.  The first 13 claims for relief in the adversary proceeding do not arise under the Bankruptcy Code.  SOF 8.

### 3. Withdrawal serves judicial economy, convenience, and avoids waste of debtor's or creditors' resources.

To date, there has been little activity in this action, and pursuant to the parties' stipulated scheduling order, litigation of this case is in its early stages.  SOF 11-13.  Inasmuch as the District Court would ultimately need to review any determination of the Bankruptcy Court *de novo*, it would serve the interest of judicial economy and convenience to withdraw the reference.  *Western Utah Copper Co.* 2011 WL 52511 at *1 ("The Court finds that withdrawal of the reference at this time is in the interests of judicial economy and convenience…. The real dispute is whether the Court should exercise its discretion to withdraw the reference now, or at some later date. The Court finds that withdrawal of the reference now will conserve judicial resources and will avoid duplication of efforts in this Court and the Bankruptcy Court."); *Development Specialists, Inc.,* 462 B.R. at 467 ("there will be no advantage to allowing the matter to be heard in Bankruptcy Court, because this Court will eventually need to review the Article I Court's determinations *de novo* review").

Here, as in the *Utah Copper Co.* case, "[t]he issue of conservation of debtor and creditor resources is closely related to the issues discussed above.… [W]ithdrawing the reference … will conserve resources and avoid duplication of efforts. Therefore, this factor weighs in favor of

withdrawing the reference." *Id.,* 2011 WL 52511 at *1.

Plaintiffs request that in the interest of judicial economy, if the reference to some claims is withdrawn, the reference to the entire adversary proceeding should be withdrawn, rather than bifurcate the claims and add expense and time for the parties and the Court.

### 4. The Bankruptcy Court has no particular knowledge that weighs against granting this motion, and this motion does not result in forum shopping, confusion, or harm to the administration of the bankruptcy process.

Although the Bankruptcy Court held a substantive scheduling conference on December 17, 2012, it has otherwise not been presented with any motion or proceeding for which it has been required to delve into the specific facts of this case or the legal issues as they apply to this case. SOF 11-12. Considering the Plaintiffs' first 13 claims for relief, "this matter involves the consideration of issues not generally addressed by the Bankruptcy Court, a factor that weighs in favor of removal of the reference." *Utah Copper Co.,* 2011 WL 52511 at *2.

Similarly, because the Bankruptcy Court has not ruled on any substantive claim in this action, there is no reason to believe that the motion to withdraw is driven by any desire to forum shop or to cause confusion. In fact, it was Judge Thurman who suggested that a motion to withdraw the reference.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs contend that withdrawal of the reference is mandatory. Even if withdrawal is not mandatory, Plaintiffs ask the Court to exercise its discretion in granting this motion for cause shown. Plaintiffs also ask that further proceedings in this adversary proceeding take place in the District Court.

Date:   January 4, 2013                              UTAH LITIGATION CENTER

                                                          /s/ Victor Sipos
                                                          Victor A. Sipos, attorney for Plaintiffs

# EXHIBIT 1

1-2010 12:03P FROM:                                    TO:14403663751            P.11

FORM RAB9A (Ch 7 Ind/Jnt Db No Asset Cs)(12/09)                                    Case Number 10-36036

## UNITED STATES BANKRUPTCY COURT
### District of Utah

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 11/17/10.

You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
|---|---|
| Alan Wayne Strebeck<br>348 North Sundial Ridge<br>Dammeron Valley, UT 84783 | Linda Joyce Strebeck<br>348 North Sundial Ridge<br>Dammeron Valley, UT 84783 |
| Case Number:<br>10-36036 WTT | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>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<br>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 |
| Attorney for Debtor(s) (name and address):<br>Andres x2Diaz<br>Red Rock Legal Services P.L.L.C.<br>Mainstreet Plaza Executive Suites<br>20 North Main Street<br>Suite 301<br>St. George, UT 84770<br>Telephone number: (435) 634-1000 | Bankruptcy Trustee (name and address):<br>David C. West tr<br>321 North Mall Drive<br>Suite O-202<br>St. George, UT 84790<br>Telephone number: (435) 673-0790 |

### Meeting of Creditors
Date: December 17, 2010                    Time: 10:30 am
Location: Blvd.Ofc. Bldg., Justice Crt.Entr., 87 N. 200 E.,3rd Flr., St. George, UT 84770

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 2/15/11**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Foreign Creditors
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>350 South Main #301<br>Salt Lake City, UT 84101<br>Telephone number: (801) 524-6687 | For the Court:<br>Clerk of the Bankruptcy Court:<br>David A. Sime |
|---|---|
| Hours Open: 8:00 AM – 4:30 PM; Telephone 8:00 AM – 4:30 PM | Date: 11/23/10 |

### Online Information
Case information is available at no charge on our Voice Case Information System (VCIS). Call 1-800-733-6740 or (801) 524-3107 with your touch-tone telephone. Case information is also available on the Internet using our PACER service for a $.08/page fee. An account is required. Visit our homepage at www.utb.uscourts.gov for details.

# EXHIBIT 2

FILED

2012 JUN 32 AM 8:52

FIFTH DISTRICT COURT
WASHINGTON COUNTY

BY_____

Brock R. Belnap #6179
Washington County Attorney
James R. Weeks #8464
Deputy Washington County Attorney
33 North 100 West #200
St. George, Utah 84770
(435) 634-5723

# FIFTH DISTRICT COURT
## WASHINGTON COUNTY, STATE OF UTAH

| STATE OF UTAH,<br>Plaintiff,<br><br>vs.<br><br>ALAN WAYNE STREBECK,<br>DOB: 11/11/59<br>Defendant. | JUDGMENT, RESTITUTION JUDGMENT,<br>AND SENTENCE<br><br>Criminal No. 111500728<br><br>OTN:<br><br>Judge G. Rand Beacham |
|---|---|

The above-captioned matter came before the Court for sentencing on June 07, 2012. James R. Weeks, Deputy Washington County Attorney, represented the plaintiff, and the defendant, ALAN WAYNE STREBECK, was present and represented by Alan D. Boyack. The defendant previously entered a plea of guilty to the offenses of: COUNT 1: SECURITIES FRAUD, a second degree felony and COUNT 2: THEFT, a second degree felony.

Both counsel made their sentencing recommendations to the Court. Therefore, the Court, having received and read the Pre-Sentence Investigation Report from the Department of Corrections and being fully advised in the premises, the Court enters the following Judgment and Sentence:

## JUDGMENT

IT IS HEREBY ORDERED that the defendant, ALAN WAYNE STREBECK, is guilty of the offenses of: COUNT 1: SECURITIES FRAUD, a second degree felony, in violation of Section 61-1-1, Utah Code Annotated, 1953, as amended; COUNT 2: THEFT, a second degree felony, in violation of Section 76-6-404, Utah Code Annotated, 1953, as amended.

## SENTENCE

IT IS HEREBY ORDERED that the defendant, ALAN WAYNE STREBECK, be sentenced to the following:

For COUNT 1: SECURITIES FRAUD, a second degree felony, the defendant is ordered to serve one (1) to fifteen (15) years in the Utah State Prison and pay a fine in the amount of $10,000.00, plus a 90% surcharge;

For COUNT 2: THEFT, a second degree felony, the defendant is ordered to serve one (1) to fifteen (15) years in the Utah State Prison and pay a fine in the amount of $10,000.00, plus a 90% surcharge.

Said terms shall run concurrently.

## STAY OF EXECUTION OF SENTENCE

IT IS ORDERED that execution of the sentence imposed herein is hereby stayed.

## RESTITUTION JUDGMENT

IT IS HEREBY FOUND, upon the Court's consideration of the statutory criteria, pecuniary damages were incurred as a result of the criminal activity of the defendant, and that restitution is appropriate in this case.

IT IS HEREBY ORDERED, that a Restitution Judgment is awarded in favor of the victim(s) and against the defendant as follows:

1. The defendant shall pay the total amount of restitution judgment: $3,834,300.00

    Payment Schedule to be set up by Adult Probation and Parole.

## ORDER OF PROBATION

IT IS ORDERED that said defendant, ALAN WAYNE STREBECK, is hereby placed on supervised probation for a period of thirty-six (36) months, strictly within the following terms, provisions and conditions:

1. The defendant shall sign an agreement with Adult Probation and Parole/or private supervised probation and complete the following terms and conditions:

2. The defendant shall complete orientation with Adult Probation and Parole within sixty (60) days;

3. The defendant shall pay a court security fee of $66.00;

4. The defendant shall maintain full-time employment for a total of no less than 40 hours per week;

5. The defendant shall not have in his possession or under his control any firearm, facsimile, reproduction or imitation of any firearm during the term of probation.

3

6. The defendant shall complete a life skills course;

7. The defendant shall have no law violations during the term of probation.

8. The defendant shall report within 24 hours to Adult Probation and Parole;

9. The defendant shall pay restitution judgment in the amount of $3,834,300.00. Payment Schedule to be set up by Adult Probation and Parole;

10. The defendant shall agree to waive extradition from any jurisdiction outside the state of Utah.

This Court specifically retains jurisdiction over the above-cause and over the person of said ALAN WAYNE STREBECK for the purpose of making such Orders and Judgments or Commitments as the same may become necessary or proper.

Date: 6/7/13

G. RAND BEACHAM
DISTRICT COURT JUDGE

## CERTIFICATE

STATE OF UTAH         )
                      ) ss.
COUNTY OF WASHINGTON  )

I, Carolyn Smitherman, Clerk of said District Court of Washington County, State of Utah, do hereby certify that the Honorable G. Rand Beacham, whose name is subscribed to the preceding certificate, is the Judge of said Court, duly commissioned and qualified, and that the signature of said Judge to said certificate is genuine.

4

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Court on this date: 7-2-12

CAROLYN SMITHERMAN
Clerk of District Court

*Charlene Anderson*
Deputy Clerk

CERTIFICATE OF DELIVERY

I hereby certify that on the ____ day of June, 2012, I placed a true and correct copy of the foregoing document in the inter-office folder of Alan D. Boyack located at the Washington County Attorney's Office.

*Andrew Cooper*

5

# EXHIBIT 3



Victor Sipos <utahlitigation@gmail.com>

---

## In re Strebeck

**Cameron M. Hancock** <chancock@kmclaw.com>　　　　　　　　　　　Wed, Dec 12, 2012 at 2:51 PM
To: Victor Sipos <utahlitigation@gmail.com>

Victor:

I have not been able to contact my client – who is not living in the United States.   As a result, I have been unable to consult with my client and prepare responses to your client's discovery requests.   Can I please have an extension of time to respond until I am able to contact my client?   I understand we have a hearing Monday to set new deadlines in the case, etc. and perhaps discuss whether the case should be transferred to the Federal Court.

Sincerely,

Cameron.

**From:** Victor Sipos [mailto:utahlitigation@gmail.com]
**Sent:** Wednesday, November 21, 2012 4:56 PM
**To:** Cameron M. Hancock
**Subject:** Re: In re Strebeck

Thank you.

Victor Sipos
Utah Litigation Center
10421 South Jordan Gateway, Suite 600
South Jordan, UT 84095
Tel: 801.860.3444
Fax: 801.665.1266

-------------------------------
This email and any files transmitted with it are confidential and intended solely for the use of the person(s) to whom they are addressed. If you have received this email in error, or if you believe it has been sent to you in error, please notify the sender immediately and delete this email from your system. If you are not the named addressee or intended recipient, you should not disseminate, distribute or copy this e-mail, or take any action in reliance on the contents thereof.

On Wed, Nov 21, 2012 at 4:54 PM, Cameron M. Hancock <chancock@kmclaw.com> wrote:

Victor.  I have not been able to get in contact with my client.   When I hear from him I can respond to your requests.